FILED

APR 26 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:17CR182 RLW/NCC |
| ) | |
| YI LIU aka "Ronnie," ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

THE GRAND JURY CHARGES:

1. From in or about May of 2016 through in or about April 13, 2017, within the Eastern District of Missouri and elsewhere, the defendant,

**YI LIU aka "RONNIE"**,

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and omissions.

### INTRODUCTION

2. St. Louis, Missouri-based Enterprise Holdings ("Enterprise") is parent company of the Enterprise, Alamo, and National car rental brands. Enterprise's headquarters are located in the Eastern District of Missouri. Enterprise operates a prepaid rental program for consumer-direct prepaid rentals for European travelers. These reservations come in through www.alamo.co.uk, www.nationalcar.co.uk, and other European branded websites. The renter pays for the entire rental in advance, receives a voucher, and presents it to the rental branch at the time of rental for prepayment.

3.  In December, 2016, Enterprise noticed the company had received a high volume of credit card charge-backs tied to prepaid rentals purchased on the aforementioned European websites and determined that vouchers were being purchased with stolen credit card numbers which caused the charge-backs.

## MANNER AND MEANS

4.  This scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and omissions was carried out and attempted to be carried out in the following manner:

   a. The Defendant and others operated the website www.tomrental.com, and through this website, falsely and fraudulently represented themselves to be a bona fide volume-purchaser of Enterprise/Alamo/National prepaid car rentals.

   b. The Defendant and others took orders for the prepaid rentals over the internet through www.tomrental.com from Chinese travelers planning a trip to the United States, and then met that demand by falsely and fraudulently purchasing prepaid vouchers from Enterprise's European websites using stolen credit card numbers.

   c. When the Defendant and others purchased the vouchers with the stolen credit card numbers from the Enterprise website, those transactions were processed on behalf of Enterprise via a reservation processing company in Sweden. Revenue was then swept from that company to a payment processing company in Ireland which in turn wired funds via Barclay Bank in the United Kingdom to an Enterprise Holdings account at Commerce Bank, within the Eastern District of Missouri.

d. The scheme, whereby the defendant and others falsely and fraudulently used stolen credit cards to purchase vouchers and resold them, caused Enterprise to suffer approximately $600,000 in losses.

e. On or about November 9, 2016, the Defendant and others, purchased an Alamo car rental voucher, utilizing a stolen MasterCard number ending in 6638, issued by China Construction Bank in Beijing, China, from the Alamo.co.uk website. The Defendant and others, made this purchase in British Pounds, which at that time was approximately equivalent to $417.33 US Dollars.

f. On or about November 16, 2016, revenue from hundreds of car rentals including the transaction above, was transferred by FareOffice, a reservation processing company based in Stockholm, Sweden servicing the car rental industry, through Digital River, a payment processing company based in Ireland, through a Barclay Bank account in the United Kingdom, to the Enterprise Holdings account at Commerce Bank by way of a wire transfer, within the Eastern District of Missouri.

g. The Alamo Rental car voucher was obtained and was used to rent a vehicle in Chicago, Illinois, on November 9, 2016. The vehicle was returned to Alamo on or about November 16, 2016.

h. On or about January 17, 2017, MasterCard, subsequently identified the transaction as fraudulent and entered a charge-back against Enterprise, causing Enterprise to transfer $402.39 to MasterCard. This amount is $14.94 less than the original transaction purchase due to a variance in the exchange rate during the elapsed time.

5. On or about November 16, 2016, in the Eastern District of Missouri and elsewhere,

**YI LIU aka 'RONNIE"**

the defendant herein, for the purposes of executing this scheme and artifice to defraud and to obtain property by means of material, false and fraudulent pretenses, representations, promises and omissions, and in attempting to do so, , did knowingly cause to be transmitted in interstate commerce certain signs, signals and sounds by means of a wire communications, that is a wire transfer of funds in the amount approximately $417.33 to Commerce Bank, within the Eastern District of Missouri from Barclay Bank in the United Kingdom.

In violation of Title 18 U.S.C. Sections 1343 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

6. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 or a conspiracy to commit said offense as set forth in Count I, the Defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violations.

7. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

8. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney

_____
Colleen C. Lang
Assistant United States Attorney